# EXHIBIT A

ELECTRONICALLY FILED
Superior Court of California,
County of San Diego
**10/17/2023** at 02:57:57 PM
Clerk of the Superior Court
By Christopher Metoyer, Deputy Clerk

Thomas D. Rutledge
Attorney-at-Law
16956 Via de Santa Fe, Suite 1847
Rancho Santa Fe, California 92091-4606
Telephone: (619) 886-7224
Email: thomasrutledgelaw@gmail.com

Attorneys for Plaintiffs

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF SAN DIEGO-CENTRAL DIVISION

| | |
|---|---|
| ARIANA BELTRAN-CAMPUZANO and ZOE LIMA, in their capacities as the State of California's designated proxies under the Private Attorneys General Act and on behalf of others,<br><br>Plaintiffs,<br><br>vs.<br><br>STARBUCKS CORPORATION, a Washington corporation; and DOES 1 through 50 inclusive<br><br>Defendants. | Case No.: 37-2023-00045351-CU-OE-CTL<br><br>**REPRESENTATIVE ACTION COMPLAINT FOR:**<br>1. **Failure to Pay State Minimum/Regular Wages;**<br>2. **Failure to Pay State Overtime;**<br>3. **Failure to Make Payments Within the Required Time;**<br>4. **Meal and Rest Break Labor Code Violations;**<br>5. **Failure to Provide Accurate Wage Statements;**<br>6. **Failure to Maintain Records;**<br>7. **Failure to Reimburse Work Related Expenses;**<br>8. **Failure to Properly Pay Sick/PTO Pay; and**<br>9. **Claim for miscellaneous Labor Code Violations via the PAGA.** |

COMPLAINT-*Beltran-Campuzano, et al. v. Starbucks Corp., et al.*

Plaintiffs ARIANA BELTRAN-CAMPUZANO and ZOE LIMA, in their capacities as the State of California's designated proxies under the Private Attorneys General Act and on behalf of Aggrieved Employees (collectively the "Plaintiffs"), allege the following:

## NATURE OF THE ACTION

1.     This is a representative action under the Private Attorneys General Act (PAGA) of 2004, as amended, Labor Code §§ 2698, *et seq.*

2.     By this action, Plaintiffs seek civil penalties for Defendants' violations of the California Labor Code. (*Adolph v. Uber Technologies, Inc.* (2023) 14 Cal. 5th 1104.)

## JURISDICTION AND VENUE

3.     Pursuant to Article VI, § 10 of the California Constitution, subject matter jurisdiction is proper in the Superior Court of California, County of San Diego, State of California because Plaintiffs allege claims arising under California law.

4.     This Court has jurisdiction over the Defendants because each is an association, corporation, business entity, or individual that conducts substantial business in the State of California, County of San Diego.

5.     Pursuant to § 395 of the California Code of Civil Procedure, venue is proper in the Superior Court of California for the County of San Diego because this is where Defendants conduct substantial business and where the Plaintiffs were harmed.

## THE PARTIES

6.     The State of California is the real party in interest in a PAGA action. (*Kim v. Reins Int'l California, Inc.* (2020) 9 Cal.5th 73, 81 [the "government entity on whose behalf the plaintiff files suit is always the real party in interest."].)

7.     Plaintiff ARIANA BELTRAN-CAMPUZANO is an individual that resides in California.

8.     Plaintiff ZOE LIMA is an individual that resides in California.

9.     Defendant STARBUCKS CORPORATION, a Washington corporation

Thomas D. Rutledge
Attorney-at-Law
16956 Via de Santa Fe, Suite 1847
Rancho Santa Fe, California 92091
Telephone: (619) 886-7224

- 2 -

Exhibit A
Page 15

1    doing business in California.

2         10.   The true names and capacities, whether individual, corporate, associate,

3    or otherwise of the Defendants named herein as DOES 1 through 50, are unknown to

4    Plaintiffs at this time. Plaintiffs therefore sue said Defendants by such fictitious

5    names pursuant to § 474 of the California Code of Civil Procedure. Plaintiffs will

6    seek leave to amend this Complaint to allege the true names and capacities of DOES

7    1 through 50 when the correct identities are ascertained. Plaintiffs are informed and

8    believes, and based thereon alleges, that each of the DOE Defendants is in some

9    manner liable to Plaintiffs for the events and actions alleged herein. All named

10   Defendants and DOES 1 through 50 are collectively referred to as "Defendants."

11        11.   Plaintiffs are informed and believe, and based thereon allege that at all

12   times relevant herein each Defendant was acting as an agent, joint venture, or as an

13   integrated enterprise and/or alter ego for each of the other Defendants, and each was a

14   co-conspirator with respect to the acts and the wrongful conduct alleged herein, so

15   that each is responsible for the acts of the other in connection with the conspiracy and

16   in proximate connection with the other Defendants.

17        12.   Plaintiffs are informed and believe, and based thereon allege that each

18   Defendant was acting partly within and partly without the scope and course of their

19   employment, and was acting with the knowledge, permission, consent, and

20   ratification of every other Defendant.

21        13.   Plaintiffs are informed and believe, and based thereon allege that each

22   of the Defendants was an agent, managing general partner, managing member, owner,

23   co-owner, partner, employee, and/or representative of each of the Defendants, and

24   were at all times material hereto, acting within the purpose and scope of such agency,

25   employment, contract and/or representation, and that each of them are jointly and

26   severally liable to Plaintiffs for the acts alleged herein

27        14.   Plaintiffs are informed and believe, and based thereon allege that each

28   of the Defendants are liable to Plaintiffs under legal theories and doctrines including

Thomas D. Rutledge
Attorney-at-Law
16956 Via de Santa Fe, Suite 1847
Rancho Santa Fe, California 92091
Telephone: (619) 886-7234

but not limited to (1) joint employer; (2) integrated enterprise; (3) agency; and/or (4) alter ego, based in part, on the facts set forth below.

15.    Plaintiffs are informed and believe, and based thereon allege that each of the named Defendants are part of an integrated enterprise and have acted or currently act as the employer and/or joint employer of Plaintiffs, making each of them liable for the wage and hour violations alleged herein.

## GENERAL ALLEGATIONS

16.    Defendants are generally in the coffee and food business.

17.    At all times relevant, Defendants employed Plaintiff BELTRAN-CAMPUZANO in one of Defendants' stores on an hourly basis as a non-exempt nonunion worker who performed work in San Diego County California from about July 26, 2019 until Defendants terminated her on or about November 2, 2022.

18.    At all times relevant, Defendants employed Plaintiff LIMA in one of Defendants' stores on an hourly basis as a non-exempt nonunion worker who performed work in San Diego County California from about November 16, 2020 until Defendants terminated her on or about November 9, 2022.

19.    The named Plaintiffs are "aggrieved employees" because Defendants employed Plaintiffs in California and Plaintiffs experienced one or more of the alleged Labor Code violations committed against the Plaintiffs, and therefore the named Plaintiffs is properly suited to act on behalf the state, and collect civil penalties for all violations committed against the Represented Employees, who are also aggrieved employees as defined by Labor Code § 2699(c).

20.    California law provides that an aggrieved employee may file a representative action under the PAGA against an employer for civil penalties in connection with violations of the Labor Code and Wage Order.

21.    On information and belief, current and former employees of Defendants suffered from Defendants' Labor Code violations.

Thomas D. Rutledge
Attorney-at-Law
16956 Via de Santa Fe, Suite 1847
Rancho Santa Fe, California 92091
Telephone: (619) 886-7224

**Wage Claims.**

22.     During all times relevant and pursuant to company policy and/or practice and/or direction, Plaintiffs are informed and believe, and therefore allege, that Defendants employed failed to pay Aggrieved Employees all wages, e.g., overtime, minimum wages, etc., as required by law.

23.     According to § 49.1.1 of the California Division of Labor Standards and Enforcement Policies and Interpretations Manual, "In California, as with the federal FLSA, overtime is computed based on the regular rate of pay. The regular rate of pay includes many different kinds of remuneration, for example: hourly earnings, salary, piecework earnings, commissions, certain bonuses, and the value of meals and lodging." (Emphasis added.)

24.     Plaintiffs allege that Defendants provided remuneration that was not included into their regular rate of pay in the correct amount toward their wages owed, including but not limited to their sick pay, meal and rest break premium payments, among other things in an amount to be proven at trial.

25.     Further, Plaintiffs allege Defendants required Plaintiffs to open their stores before clocking in and closing their stores after clocking out, a process that took several minutes and which caused Plaintiffs to suffer a wage loss for this off-the-clock labor in an amount to be proven at trial.

26.     Additionally, Plaintiffs allege Defendants promised Plaintiffs bonus pay for new hire referrals that Defendants hired as new employees, but Defendants never paid all of their bonuses to them in an amount to be proven at trial.

27.     This claim is premised on Plaintiffs' right to pursue all Labor Code claims on behalf of Aggrieved Employees per *Huff v. Securitas Security Services USA, Inc.* (2018) 23 Cal.App.5th 745.

**Failure to Pay Meal and Rest Break Premiums.**

28.     During all times relevant and pursuant to company policy and/or practice and/or direction, Plaintiffs are informed and believe and based thereupon allege that

Thomas D. Rutledge
Attorney-at-Law
16956 Via de Santa Fe, Suite 1847
Rancho Santa Fe, California 92091
Telephone: (619) 886-7224

- 5 -

Thomas D. Rutledge
Attorney-at-Law
16956 Via de Santa Fe, Suite 1847
Rancho Santa Fe, California 92091
Telephone: (619) 886-7224

Defendants deprived Plaintiffs and other hourly employees from taking lawful meal and rest periods and did not pay and refused to pay premium pay to workers for all deficient or missed meal and rest breaks despite knowing its workers involuntarily missed their meal and rest breaks.

29.    For example, Plaintiffs allege that Defendants told Plaintiffs not to leave the store for many of their meal breaks, in an amount to be proven at trial, because they had the keys to the store.

30.    As another example, Plaintiffs allege that sometimes when their meal breaks were terminated, i.e., less than the legally authorized amount of 30 minutes, either because of customer demands or similar reasons, Defendants prevented Plaintiffs from taking the remaining amount of time they lost at a later time in the day for their meal breaks in an amount to be proven at trial.

31.    Plaintiffs are informed and believe and based thereupon allege that also because of Defendants' policy, Defendants prevented Aggrieved Employees from taking all their uninterrupted rest breaks to which they had the right to enjoy in an amount to be proven at trial, and Defendants failed to pay them all premium pay to which they had a right to receive as required under California law. (*See Augustus v. ABM Security Services* (2016) 2 Cal.5th 257.)

32.    Even when Defendants paid Plaintiffs premium payments for missed meal and/or rest breaks, Defendants underpaid the amount they should have paid pursuant to California law in an amount to be proven at trial.

33.    This claim is premised on Plaintiffs' right to pursue all Labor Code claims on behalf of Aggrieved Employees per *Huff v. Securitas Security Services USA, Inc.* (2018) 23 Cal.App.5th 745.

**Unreimbursed Work-Related Expense Claims.**

34.    During all times relevant and pursuant to company policy and/or practice and/or direction, Plaintiffs are informed and believe and based thereupon allege that Defendants failed to reimburse its employees for work related expenses.

Thomas D. Rutledge
Attorney-at-Law
16956 Via de Santa Fe, Suite 1847
Rancho Santa Fe, California 92091
Telephone: (619) 886-7224

35.     For example, Defendants encouraged Plaintiffs to purchase decorations for their store during holidays and special events, but they never reimbursed them for their purchases.

36.     Similarly, Plaintiffs ran errands with their vehicles for Defendants, mileage that Defendants failed to reimburse them for in an amount to be proven at trial.

37.     Further, Plaintiffs were required to keep, use, and maintain working cell phones during working hours to communicate via text and phone with district managers and coworkers in the fulfillment of their duties to the Defendants, such as to conduct scheduling, identify problems, order supplies and merchandise for the stores, among other things.

38.     This claim is also premised on Plaintiffs' right to pursue all Labor Code claims on behalf of Aggrieved Employees per *Huff v. Securitas Security Services USA, Inc.* (2018) 23 Cal.App.5th 745.

**Wage Statement Claims.**

39.     During all times relevant and pursuant to company policy and/or practice and/or direction, Plaintiffs are informed and believe, and therefore allege that Defendants issued Plaintiffs and other Aggrieved Employees erroneous wage and earning statements.

40.     As to Plaintiffs' PAGA case, this claim is premised, in part, on Plaintiffs' right to pursue all Labor Code claims on behalf of Aggrieved Employees per *Huff v. Securitas Security Services USA, Inc.* (2018) 23 Cal.App.5th 745.

**Derivative Claims.**

41.     During all times relevant and pursuant to company policy and/or practice and/or direction,  Plaintiffs and others did not receive their final paychecks immediately upon involuntary termination or within 72 hours of voluntary separation, were not paid final wages at the location of employment, and said final paychecks did not include all wages due to the employee.

- 7 -

42.   Plaintiffs did not receive his final paycheck immediately upon involuntary termination or within 72 hours of voluntary separation and said final paychecks did not include all wages due to the employee or any waiting time penalties.

43.   For example, on or about November 2, 2022, Defendants terminated Plaintiff BELTRAN- CAMPUZANO's employment.

44.   The date of Plaintiff BELTRAN- CAMPUZANO's last paycheck, however, is November 3, 2022--one day late in violation of Labor Code § 201.

45.   Similarly, on or about November 9, 2022, Defendants terminated Plaintiff LIMA's employment.

46.   The date of Plaintiff LIMA's last paycheck, however, is November 10, 2022--one day late in violation of Labor Code § 201.

47.   When Defendants terminated Plaintiffs, Plaintiffs allege that Defendants failed to pay Plaintiffs all unpaid wages in their final paychecks or in a timely manner pursuant to law.

48.   Based on the foregoing misconduct, Defendants issued Plaintiffs erroneous paystubs.

49.   To date, Plaintiffs allege that Defendants have not paid Plaintiffs all of Plaintiffs' wages due and payable, in an amount to be proven at trial.

50.   Plaintiffs' derivative claims are also premised, in part, on Plaintiffs' right to pursue all Labor Code claims on behalf of Aggrieved Employees per *Huff v. Securitas Security Services USA, Inc.* (2018) 23 Cal.App.5th 745.

## REPRESENTATIVE ACTION (PAGA) CLAIMS

51.   This wage and hour representative action filed pursuant to PAGA, §§ 2698, 2699 generally consists of the following group:

**All current or former employees Defendants employed in California from April 20, 2022 to the present.**

52.   All members of the represented group are referred to as the "Aggrieved

- 8 -

Thomas D. Rutledge
Attorney-at-Law
16955 Via de Santa Fe, Suite 1847
Rancho Santa Fe, California 92091
Telephone: (619) 886-7224

Employees."

53.     The "Representative Period" means from **April 20, 2022 to the present**.

54.     Plaintiff further alleges, on information and belief, that Aggrieved Employees, did not receive all wages due at the time their employment ended with Defendants.

55.     On information and belief, Defendants current and former employees were subject to wage and hour violations by Defendants, including failing to be paid for all wages due.

56.     California law provides that an employee may file an action against an employer for penalties in connection with violations of the Labor Code and Wage Orders provided the aggrieved employee file an action on behalf of him or herself and similarly situated current and former employees.

57.     At all material times, Defendants and DOES 1 through 50 were and/or are Aggrieved Employees' employers or persons acting on behalf of Aggrieved Employees' employer, within the meaning of California Labor Code § 558, who violated or caused to be violated, a section of Part 2, Chapter 1 of the California Labor Code or any provision regulating hours and days of work in any Order of the Industrial Welfare Commission and, as such, are subject to penalties for each underpaid employee as set for in Labor Code § 558.

58.     As set forth in further detail below, because of the analysis and investigation of the Plaintiffs' claims, Plaintiffs' attorneys sent the required correspondence to the California Labor and Workforce Development Agency ("LWDA") and to Defendants informing Defendants of Plaintiffs' claims and Plaintiffs' intent to pursue litigation.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

59.     Pursuant to the PAGA, on **April 20, 2023**, Plaintiffs, *et al.*, via counsel, sent correspondence to the LWDA and Defendants via certified U.S. Mail indicating that Plaintiffs are pursuing the claims alleged in this Complaint. (See LWDA Case

Thomas D. Rutledge
Attorney-at-Law
16956 Via de Santa Fe, Suite 1847
Rancho Santa Fe, California 92091
Telephone: (619) 886-7234

COMPLAINT-*Beltran-Campuzano, et al. v. Starbucks Corp., et al.*

Exhibit A
Page 22

1    No. LWDA-CM-949817-23.)

2        60.    The statutory period for Plaintiffs has expired for the letter alleged above

3    and the LWDA did not serve Plaintiffs with notice of intent to assume jurisdiction

4    over the applicable penalty claims and did not provide notice as set forth in Labor

5    Code § 2699.3(a)(2)(A) within the statutory period.

6        61.    Therefore, Plaintiffs have exhausted Plaintiffs' administrative remedies

7    to pursue claims and remedies as authorized by the PAGA.

8        62.    The Causes of Action alleged herein are appropriately suited for a

9    Representative Action under PAGA (Labor Code § 2698, *et seq*.) because:

10        a. This action involves allegations of violations of provisions of

11        the California Labor Code that provide for a civil penalty to be

12        assessed and collected by the LWDA or any departments,

13        divisions, commissions, boards, agencies, or employees;

14        b.  Plaintiffs are "aggrieved employees" because Plaintiffs were

15        employed by the alleged violator and had one or more of the

16        Labor Code violations alleged on this Complaint committed

17        against them; and

18        c.  Plaintiffs have satisfied the procedural requirements of

19        Labor Code § 2699.3, as set forth above.

## FIRST CAUSE OF ACTION

### Representative Claim via the PAGA for

### Failure to Pay State Minimum/Regular Wages

### in Violation of California Labor Code §§ 200, 218.5, 227.3, 1194,

### 1197, 1811, and 1815, and the applicable Wage Order

(Against all Defendants)

26        63.    Plaintiffs re-allege and incorporate by reference the foregoing allegations

27    as though set forth herein.

28        64.    Pursuant to Labor Code including but not limited to §§ 200, 218.5, 1194,

COMPLAINT-*Beltran-Campuzano, et al. v. Starbucks Corp., et al.*

Exhibit A
Page 23

Thomas D. Rutledge
Attorney-at-Law
16956 Via de Santa Fe, Suite 1847
Rancho Santa Fe, California 92091
Telephone: (619) 886-7224

1197, 1197.1, 1811, 1815, and 1198, it is unlawful for a California employer to suffer or permit an employee to work without paying wages for all hours worked, as required by the applicable Industrial Welfare Commission (IWC) Wage Order.

65.    Labor Code § 227.3 provides that "[u]nless otherwise provided by a collective bargaining agreement, whenever a contract of employment or employer policy provides for vacation time, all vested vacation shall be paid to him as wages in accordance with such contract or employment or employer policy respecting eligibility or time served; provided, however, that an employment contract or employer policy shall not provide for the forfeiture of vested vacation time upon termination."

66.    Plaintiffs are informed and believe and based thereupon allege that during all times relevant, Plaintiffs were not paid minimum/regular wages for all hours suffered or permitted to work in violation of California law.

67.    Plaintiffs are also informed and believe and based thereupon allege that Defendants failed to pay Aggrieved Employees for all vacation/PTO pay they accrued.

68.    During all times relevant, Defendants were required to pay Plaintiffs and other members of the Aggrieved Employees their respective hourly rate for all hours worked and/or minimum wages per state law or applicable local law.

69.    During all times relevant, at least one of the IWC Wage Orders applied to Plaintiffs' employment with Defendants.

70.    Pursuant to the applicable Wage Order, "hours worked" include the time during which an employee is "suffered or permitted to work, whether or not required to do so."

71.    During the proposed Aggrieved Employees Period and based on the misconduct alleged above, Defendants did not pay Plaintiffs and Aggrieved Employees minimum/regular wages for all hours suffered or permitted to work in violation of state and/or local law.

Thomas D. Rutledge
Attorney-at-Law
16956 Via de Santa Fe, Suite 1847
Rancho Santa Fe, California 92091
Telephone: (619) 886-7224

- 11 -

72.     Labor Code § 1194 subdivision (a) permits an action to recover wages because of the payment of a wage less than the minimum wage "applicable to the employee" including attorneys' fees, costs, and interest.

73.     At all material times, Defendants were and/or are Aggrieved Employees' employers or persons acting on behalf of Aggrieved Employees' employer, within the meaning of California Labor Code §§ 558 and 558.1, who violated or caused to be violated, a section of Part 2, Chapter 1 of the California Labor Code or any provision regulating hours and days of work in any Order of the Industrial Welfare Commission and, as such, are subject to civil penalties for each underpaid employee as set for in Labor Code § 558.

74.     In committing the violations of state law as herein alleged, Plaintiffs are informed and believe based there upon allege that Defendants have knowingly and willfully refused to perform their obligations to compensate Aggrieved Employees for all wages earned and all hours worked.

75.     As a direct result, Aggrieved Employees have suffered and continue to suffer, substantial losses related to the use and enjoyment of such compensation, wages, lost interest on such monies and expenses and attorneys' fees in seeking to compel Defendants to fully perform their obligations under state and/or local law.

76.     Labor Code § 2699, *et seq.* imposes upon Defendants, and each of them, a penalty of one hundred dollars ($100.00) for each aggrieved employee per pay period for the initial violation and two hundred ($200.00) for each aggrieved employee per pay period for each subsequent violation in which Defendants violated the minimum wage and/or regular wage provisions of the Labor Code, including but not limited to §§ 216, 218, 218.5, 227.3, 558, 1194, 1197, 1197.1, 1811, 1815, 1182.12, 1194.2, 1197, and 1198 the exact amount of the applicable penalty is all in an amount to be shown according to proof at trial.

77.     Pursuant to Labor Code § 2699, Plaintiffs and Aggrieved Employees seek to recover from Defendants, and each of them, penalties, attorneys' fees, and

Thomas D. Rutledge
Attorney-at-Law
16956 Via de Santa Fe, Suite 1847
Rancho Santa Fe, California 92091
Telephone: (619) 886-7234

- 12 -

Exhibit A
Page 25

1   costs incurred herein.

2   ## SECOND CAUSE OF ACTION

3   ### Representative Claim via the PAGA for

4   ### Failure to Pay State Overtime and/or Double-Time Compensation

5   ### in Violation of California Labor Code §§ 216, 218, 218.5, 225.5, 510,

6   ### 1182.12, 1194, 1194.2, 1197, 1197.1,

7   ### 1811, 1815, and the Applicable IWC Wage Order

8   (Against all Defendants)

9       78.    Plaintiffs re-allege and incorporate by reference the foregoing allegations

10  as though set forth herein.

11      79.    California law requires an employer to pay each employee for the actual

12  hours worked. (*See* Cal. Labor Code §§ 200, 226.)

13      80.    During all times relevant, one or more of the IWC Wage Orders applied

14  to Plaintiffs' employment with Defendants.

15      81.    Pursuant to § 2(K) of the applicable Wage Order(s), including Wage

16  Order 15, "hours worked" include the time during which an employee is "suffered or

17  permitted to work, whether or not required to do so."

18      82.    Pursuant to Labor Code §§ 510, 1194, 1194.2, and § 3 of the applicable

19  Wage Order(s), for each hour (or fraction thereof) an employee works up to forty (40)

20  hours in a week and eight (8) hours in a day, the employer must pay the employee's

21  regular hourly wage.

22      83.    For each hour (or fraction thereof) an employee works over forty (40)

23  hours in a week or more than eight (8) hours in a workday the employer must pay the

24  rate of one and a half times the employee's regular hourly wage.

25      84.    For each hour (or fraction thereof) an employee works more than

26  twelve (12) hours in one day or more than eight (8) hours a day on the seventh

27  consecutive day of work, the employer must compensate the employee at the rate of

28  no less than twice the regular rate of pay for that employee.

Thomas D. Rutledge
Attorney-at-Law
16956 Via de Santa Fe, Suite 1847
Rancho Santa Fe, California 92091
Telephone: (619) 886-7224

- 13 -

Thomas D. Rutledge
Attorney-at-Law
16956 Via de Santa Fe, Suite 1847
Rancho Santa Fe, California 92091
Telephone: (619) 886-7224

85.     During all times relevant, and pursuant to company policy and/or practice and/or direction, Defendants required Plaintiffs and the Aggrieved Employees to work more than 40 hours per week and/or eight hours in a workday to which they had the right to receive wages and Defendants did not pay Plaintiff and the Aggrieved Employees all overtime compensation to which they should have received at the applicable wage rate.

86.     As alleged herein, Defendants failed to pay Aggrieved Employees all overtime to which they had a right to receive.

87.     In committing the violations of state law as herein alleged, Defendants have knowingly and willfully refused to perform their obligations to compensate Aggrieved Employees for all wages earned and all hours worked.

88.     At all material times, Defendants were and/or are Aggrieved Employees' employers or persons acting on behalf of Aggrieved Employees' employer, within the meaning of California Labor Code §§ 558 and 558.1, who violated or caused to be violated, a section of Part 2, Chapter 1 of the California Labor Code or any provision regulating hours and days of work in any Order of the Industrial Welfare Commission and, as such, are subject to penalties for each underpaid employee as set for in Labor Code § 558.

89.     In committing the violations of state law as herein alleged, Defendants have knowingly and willfully refused to perform their obligations to compensate Aggrieved Employees for all wages earned and all hours worked.

90.     Labor Code § 2699, *et seq.* imposes upon Defendants, and each of them, a penalty of one hundred dollars ($100.00) for each aggrieved employee per pay period for the initial violation and two hundred ($200.00) for each aggrieved employee per pay period for each subsequent violation in which Defendants violated the overtime provisions of the Labor Code, including but not limited to §§ 510, 558 and 1194, the exact amount of the penalties sought is in an amount to be shown according to proof at trial.

COMPLAINT-*Beltran-Campuzano, et al. v. Starbucks Corp., et al.*

91.     Pursuant to Labor Code § 2699, *et seq*. Plaintiffs seek to recover from Defendants, and each of them, penalties, attorneys' fees, and costs incurred herein.

### THIRD CAUSE OF ACTION

**Representative Claim via the PAGA for**

**Failure to Timely Pay Earned Wages Upon Separation of Employment in Violation of California Labor Code §§ 201, 201.3, 202, 203, 203.1, 204, 204b, 204.2, 210, 218.5, 218.6, 256, 1198 and the applicable Wage Order**

(Against all Defendants)

92.     Plaintiffs re-allege and incorporate by reference the foregoing allegations as though set forth herein.

93.     Pursuant to Labor Code § 201, "If an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately."

94.     Pursuant to Labor Code § 202, "If an employee not having a written contract for a definite period quits his or her employment, his or her wages shall become due and payable not later than 72 hours thereafter, unless the employee has given 72 hours previous notice of his or her intention to quit, in which case the employee is entitled to his or her wages at the time of quitting."

95.     Labor Code § 203 provides, in pertinent part: "If an employer willfully fails to pay, without abatement or reduction, ... any wages of an employee who is discharged or who quits, the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action therefore is commenced; but the wages shall not continue for more than 30 days. ..."

96.     Pursuant to Labor Code § 204, "all wages … earned by any person in any employment are due and payable twice during each calendar month, on days designated in advance by the employer as the regular paydays."

97.     Pursuant to Labor Code § 204b, "Labor performed by a weekly-paid employee during any calendar week and prior to or on the regular payday shall be

Thomas D. Rutledge
Attorney-at-Law
16956 Via de Santa Fe, Suite 1847
Rancho Santa Fe, California 92091
Telephone: (619) 886-7224

- 15 -

1   paid for not later than the regular payday of the employer for such weekly-paid

2   employee falling during the following calendar week."

3        98.    Defendants did not properly pay Plaintiff and Aggrieved Employees

4   pursuant to the requirements of Labor Code, including but not limited to §§ 201,

5   201.3, 202, 203, 204, 204b, 204.2, 210, 218.5, 218.6, 256 and thereby Plaintiffs seek

6   the unpaid wages.

7        99.    To date, Defendants have not paid terminated Aggrieved Employees all

8   earned wages as required by law.

9        100.  At all material times, Defendants and DOES 1 through 50 were and/or

10   are Aggrieved Employees' employers or persons acting on behalf of Aggrieved

11   Employees' employer, within the meaning of California Labor Code § 558, who

12   violated or caused to be violated, a section of Part 2, Chapter 1 of the California

13   Labor Code or any provision regulating hours and days of work in any Order of the

14   Industrial Welfare Commission and, as such, are subject to penalties for each

15   underpaid employee as set for in Labor Code § 558.

16        101.  In committing the violations of state law as herein alleged, Defendants

17   have knowingly and willfully refused to perform their obligations to compensate

18   Aggrieved Employees for all wages earned and all hours worked.

19        102.  Labor Code § 2699, *et seq.* imposes upon Defendants, and each of them,

20   a penalty of one hundred dollars ($100.00) for each aggrieved employee per pay

21   period for the initial violation and two hundred ($200.00) for each aggrieved

22   employee per pay period for each subsequent violation in which Defendants violated

23   the Labor Code, including but not limited to §§ 201, 201.3, 202, 203, 204, 204b,

24   204.2, 210, 218.5, 218.6, 256.

25        103.  As alleged above, Defendants have deprived Plaintiffs and Aggrieved

26   Employees of their rightfully earned wages as a direct and proximate result of

27   Defendants' failure and refusal to pay said compensation and for the reasons alleged

28   in this Complaint.

Thomas D. Rutledge
Attorney-at-Law
16956 Via de Santa Fe, Suite 1847
Rancho Santa Fe, California 92091
Telephone: (619) 886-7224

- 16 -

104. Wherefore, the Plaintiffs request all remedies available to them and to the Aggrieved Employees pursuant to the PAGA.

## FOURTH CAUSE OF ACTION

### Representative Claim for Penalties via the PAGA for
### Failure to Comply with the Meal and Rest Break Requirements Under Labor Code §§ 226.7, 512, 1198, and the applicable IWC Wage Order

(Against all Defendants)

105. Plaintiffs re-allege and incorporate by reference the foregoing allegations as though set forth herein.

106. Based on the misconduct alleged in this Complaint, Defendants failed to pay Plaintiff and Aggrieved Employees premium pay for all their missed meal and rest breaks and failed to comply with Labor Code §§ 226.7, 512, and 1198.

107. Because of Defendants' illegal pay practices, said Defendants failed to pay Plaintiff and Aggrieved Employees for all meal and rest breaks despite their requirement under California law and, as such, all culpable Defendants are required to pay Plaintiff and Aggrieved Employees for rest break and/or meal break premium wages.

108. Defendants also failed to provide Plaintiff, and Aggrieved Employees, legally-compliant meal and rest periods, or compensation in lieu thereof, during their employment by said Defendants.

109. Cal. Labor Code § 2699, *et seq.* imposes upon all culpable Defendants a penalty of one hundred dollars ($100.00) for each aggrieved employee per pay period for the initial violation and two hundred ($200.00) for each aggrieved employee per pay period for each subsequent violation in which all culpable Defendants violated Cal. Labor Code §§ 226.7 and 512, the exact amount of the applicable penalty is all in an amount to be shown according to proof at trial.

110. Wherefore, the Plaintiffs request all remedies available to them and to the Aggrieved Employees pursuant to the PAGA.

- 17 -

Thomas D. Rutledge
Attorney-at-Law
16956 Via de Santa Fe, Suite 1847
Rancho Santa Fe, California 92091
Telephone: (619) 886-7234

# FIFTH CAUSE OF ACTION

### Representative Claim for Penalties via the PAGA for
### Violations of California Labor Code §§ 226, 226.3, 226.6, 1198,
### and the applicable IWC Wage Order

(Against all Defendants)

111.   Plaintiffs re-allege and incorporate by reference the foregoing allegations as though set forth herein.

112.   Plaintiffs allege that Labor Code § 226 subdivision (a) requires, in pertinent part, that every employer shall, "semimonthly or at the time of each payment of wages, shall furnish to his or her employees, either as a detachable part of the check, draft, or voucher paying the employee's wages, or separately if wages are paid by personal check or cash, an accurate itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee. . . (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and only the last four digits of his or her social security number…, (8) the name and address of the legal entity that is the employer. . ., and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee and, beginning July 1, 2013, if the employer is a temporary services employer as defined in Section 201.3, the rate of pay and the total hours worked for each temporary services assignment. . ." (Labor Code § 226 subdivision (a).)

113.   Upon information and belief, during all times relevant to this action, Defendants did not provide accurate wage statements throughout the Aggrieved Employees Period and, thus, Plaintiffs assert this claim both as a stand-alone claim and derivative of their unpaid wage claims.

Thomas D. Rutledge
Attorney-at-Law
16956 Via de Santa Fe, Suite 1847
Rancho Santa Fe, California 92091
Telephone: (619) 886-7224

- 18 -

114.   On numerous occasions, an exact amount by which will be proven at trial, Defendants violated various provisions of § 226, including but not limited to subdivisions (a)(1), (a)(2), (a)(4), (a)(5), (a)(8), and (a)(9) by failing to provide Plaintiffs and the Aggrieved Employees accurate itemized statement in writing accurately showing gross wages earned, total hours worked by the employee, net wages earned, rates of pay, among other things.

115.   Cal. Labor Code § 2699, *et seq.* imposes upon all culpable Defendants a penalty of one hundred dollars ($100.00) for each aggrieved employee per pay period for the initial violation and two hundred ($200.00) for each aggrieved employee per pay period for each subsequent violation in which all culpable Defendants violated the applicable Cal. Labor Code provisions alleged in this Complaint, the exact amount of the applicable penalty is all in an amount to be shown according to proof at trial.

116.   Wherefore, Plaintiffs request all remedies available to them and to the Aggrieved Employees pursuant to the PAGA.

## SIXTH CAUSE OF ACTION

### Representative Claim for Penalties via the PAGA

### For Failure to Maintain Required Records in Violation of California

### Labor Code §§ 1174 and the Applicable Wage Order and/or § 1198

(Against All Defendants)

117.   As a separate and distinct cause of action, Plaintiff re-alleges and incorporates by reference, as though fully set forth herein, all the allegations contained in this Complaint, excepting those allegations that are inconsistent with this cause of action.

118.   Section 7 of the applicable Wage Order requires every employer to maintain time and payroll records.

119.   Plaintiffs are informed and believe and based thereon alleges that during all times relevant, Defendants failed to comply with § 7 of the applicable IWC Orders and with Labor Code § 1174 by failing to maintain certain records which employers

Thomas D. Rutledge
Attorney-at-Law
16956 Via de Santa Fe, Suite 1847
Rancho Santa Fe, California 92091
Telephone: (619) 886-7234

- 19 -

1   are required to maintain, including but not limited to, all wage records.

2       120.  Cal. Labor Code § 2699, *et seq.* imposes upon all culpable Defendants a

3 penalty of one hundred dollars ($100.00) for each aggrieved employee per pay period

4 for the initial violation and two hundred ($200.00) for each aggrieved employee per

5 pay period for each subsequent violation in which all culpable Defendants violated

6 the applicable Cal. Labor Code provisions alleged in this Complaint, the exact amount

7 of the applicable penalty is all in an amount to be shown according to proof at trial.

8       121.  For the reasons alleged herein, Plaintiffs seek all available remedies

9 pursuant to the PAGA in an amount to be proven at trial including but not limited to

10 penalties, attorneys' fees, costs, and interest pursuant to law.

**SEVENTH CAUSE OF ACTION**

**Representative Claim for Penalties via the PAGA Claim for**

**Failure to Reimburse Business Expenses**

**in Violation of Labor Code §§ 1198 and 2802**

(Against All Defendants)

16       122.  As a separate and distinct cause of action, Plaintiff re-alleges and

17 incorporates by reference, as though fully set forth herein, all the allegations

18 contained in this Complaint, excepting those allegations that are inconsistent with this

19 cause of action.

20       123.  Pursuant to California Labor Code § 2802, an employer must indemnify

21 its employees "for all necessary expenditures or losses incurred by the employee in

22 direct consequence of the discharge of his or her duties . . . ."

23       124.  On information and belief, Plaintiffs made necessary expenditures and

24 incurred losses as a direct consequence of the discharge of their duties and in

25 obedience to the directions of Defendants including, but not limited to, mileage,

26 automobile, cell phone, and internet expenses.

27       125.  On information and belief, Defendants knew Plaintiffs were incurring the

28 expenses and were responsible for reimbursing Unreimbursed Expenses Aggrieved

Thomas D. Rutledge
Attorney-at-Law
16956 Via de Santa Fe, Suite 1847
Rancho Santa Fe, California 92091
Telephone: (619) 886-7224

COMPLAINT-*Beltran-Campuzano, et al. v. Starbucks Corp., et al.*

Exhibit A
Page 33

1  Employees for their expenditures and losses as a direct consequence of the discharge

2  of their duties, but failed to do so.

3       126.   Cal. Labor Code § 2699, *et seq.* imposes upon all culpable Defendants a

4  penalty of one hundred dollars ($100.00) for each aggrieved employee per pay period

5  for the initial violation and two hundred ($200.00) for each aggrieved employee per

6  pay period for each subsequent violation in which all culpable Defendants violated

7  the applicable Cal. Labor Code provisions alleged in this Complaint, including but not

8  limited to Labor Code §§ 2802 and 1198, the exact amount of the applicable penalty

9  is all in an amount to be shown according to proof at trial, which Plaintiffs seek.

10       127.   For the reasons alleged herein, Plaintiffs seek all available remedies

11  pursuant to the PAGA in an amount to be proven at trial including but not limited to

12  penalties, attorneys' fees, costs, and interest pursuant to law.

**EIGHTH CAUSE OF ACTION**

**Representative Claim for Civil Penalties Under the PAGA for**

**Violations of Labor Code §§ 246 and 246(l)**

(Against all Defendants)

17       128.   Plaintiffs re-allege and incorporate by reference the foregoing allegations

18  as though set forth herein.

19       129.   Under Labor Code §§ 246 and 246(l), employers in California must

20  provide employees with paid sick leave (or Paid Time Off pay in lieu of sick leave) to

21  be paid at a specified rate of pay which must factor in additional earnings during a

22  given pay period wherein such leave is used. (*Wood v. Kaiser Foundation Hospitals*

23  (Mar. 23, 2023, No. D079528) ___Cal.App.5th___ [2023 Cal. App. LEXIS 218].)

24       130.   During their employment, Plaintiff and Represented Employees earned

25  additional nondiscretionary compensation, such as, for example, commissions.

26       131.   Upon information and belief, Defendants paid sick leave (an/or PTO in

27  lieu thereof) at the incorrect rate of pay resulting in the underpayment of wages.

28       132.   By way of one example, Defendants failed to appropriately include

Thomas D. Rutledge
Attorney-at-Law
16956 Via de Santa Fe, Suite 1847
Rancho Santa Fe, California 92091
Telephone: (619) 886-7224

- 21 -

*COMPLAINT-Beltran-Campuzano, et al. v. Starbucks Corp., et al.*

additional nondiscretionary payments and compensation -- including but not limited to commissions -- when computing the appropriate rate of pay for sick leave wages.

133.   The PAGA imposes upon Defendants, and each of them, civil penalties for violating Labor Code §§ 246 and 246(l).

134.   Civil penalties under the PAGA are equitable in nature. (*Nationwide Biweekly Admin., Inc. v. Superior Ct. of Alameda Cty.*, (2020) 9 Cal.5th 279.)

135.   Labor Code § 2699(f) imposes upon Defendants, and each of them, civil penalties of one hundred dollars ($100) per pay period, per aggrieved employee for initial violations, and two hundred dollars ($200) per pay period, per aggrieved employee for subsequent violations for all Labor Code provisions for which a civil penalty is not specifically provided.

136.   Pursuant to the PAGA, Labor Code § 2699(f), and/or any other applicable statute, Plaintiffs are seeking civil penalties against Defendants in an amount to be shown according to proof.

137.   Pursuant to Labor Code § 248.5, if applicable herein, Plaintiffs seek to recover attorneys' fees, costs, equitable relief in the form of civil penalties, in an amount to be shown according to proof.

138.   Pursuant to the PAGA, and/or Labor Code § 2699(g), Plaintiffs seek to recover reasonable attorneys' fees, costs, and filing fees paid to the LWDA in an amount to be shown according to proof.

## NINTH CAUSE OF ACTION

### Representative Claim for Penalties via the PAGA

### Under California Labor Code §§ 2698, 2699, *et seq.* for

### Individual and Representative Claim for PAGA Penalties and Wage

### Under California Labor Code §§ 2698, 2699, *et seq.* for Violations of California

### Labor Code subdivision (k) of Section 96, Sections 98.6, 201.5, 201.7, 203.1, 203.5, 204a, 204.1, 204.2, 205, 205.5, 206, 206.5, 208, 209, and 212, subdivision (d) of Section 213, Sections 221, 222, 222.5, 223, 224, 227, 227.3, 230, 230.1, 230.2,

Thomas D. Rutledge
Attorney-at-Law
16956 Via de Santa Fe, Suite 1847
Rancho Santa Fe, California 92091
Telephone: (619) 886-7224

COMPLAINT-*Beltran-Campuzano, et al. v. Starbucks Corp., et al.*

Thomas D. Rutledge
Attorney-at-Law
16956 Via de Santa Fe, Suite 1847
Rancho Santa Fe, California 92091
Telephone: (619) 886-7224

230.3, 230.4, 230.7, 230.8, and 231, subdivision (c) of Section 232, subdivision (c) of Section 232.5, Sections 233, 234, 245-249, 351, 353, and 403, subdivision (b) of Section 404, Sections 432.2, 432.5, 432.7, 435, 450, 511, 513, 551, 552, 601, 602, 603, 604, 750, 751.8, 800, 850, 851, 851.5, 852, 921, 922, 923, 970, 973, 976, 1021, 1021.5, 1025, 1026, 1101, 1102, 1102.5, 1153, 1197.5, 1198 via the appliable Wage Order, subdivision (b) of Section 1198.3, Sections 1199.5, 1290, 1292, 1293, 1293.1, 1294, 1294.1, 1294.5, 1296, 1297, 1298, 1301, 1308, 1308.1, 1308.7, 1309, 1309.5, 1391, 1391.1, 1391.2, 1392, 1683, and 1695, subdivision (a) of Section 1695.5, Sections 1695.55, 1695.6, 1695.7, 1695.8, 1695.9, 1696, 1696.5, 1696.6, 1697.1, 1700.25, 1700.26, 1700.31, 1700.32, 1700.40, 1700.47, 1735, 1777.5, 2651, and 2673, subdivision (a) of Section 2673.1, Sections 2695.2, 2751, 2800, 2801, 2806, and 2810, subdivision (b) of Section 2929, and Sections 3073.6, 6310, 6311, and 6399.7 and the Applicable Wage Order

(Against all Defendants)

139.   Plaintiffs re-allege and incorporate by reference the foregoing allegations as though set forth herein.

140.   This claim is premised on Plaintiffs' right to pursue all Labor Code claims on behalf of Aggrieved Employees per *Huff v. Securitas Security Services USA, Inc.* (2018) 23 Cal.App.5th 745.

141.   Pursuant to Labor Code § 2699, any provision of the Labor Code that provides for a civil penalty to be assessed and collected by the LWDA or any of its departments, divisions, commissions, boards, agencies or employees for violation of the code may, as an alternative, be recovered through a civil action brought by an aggrieved employee on behalf of himself or herself and other current or former employees pursuant to the procedures specified in Labor Code § 2699.3.

142.   Plaintiffs are informed and believe, and based thereon allege, that because of the acts alleged above and Defendants' violations of the Labor Code provisions alleged herein, Plaintiffs are entitled to penalties under Labor Code §§

COMPLAINT-*Beltran-Campuzano, et al. v. Starbucks Corp., et al.*

1  2698 and 2699.

2      143.   Plaintiffs are "aggrieved employees" because Plaintiffs were employed

3  by the alleged violator and had one or more of the alleged violations committed

4  against Plaintiffs, and therefore are properly suited to represent the interests of other

5  current and former Represented Employees.

6      144.   Labor Code § 2699(f) imposes upon Defendants, and each of them, civil

7  penalties of one hundred dollars ($100) per pay period, per aggrieved employee for

8  initial violations, and two hundred dollars ($200) per pay period, per aggrieved

9  employee for subsequent violations for all Labor Code provisions for which a civil

10  penalty is not specifically provided.

11      145.   Labor Code § 2699, *et seq.* imposes upon Defendants, and each of them,

12  penalties for violating Labor Code subdivision (k) of Section 96, Sections 98.6, 201.5,

13  201.7, 203.1, 203.5, 204a, 204.1, 204.2, 205, 205.5, 206, 206.5, 208, 209, and 212,

14  subdivision (d) of Section 213, Sections 221, 222, 222.5, 223, 224, 227, 227.3, 230,

15  230.1, 230.2, 230.3, 230.4, 230.7, 230.8, and 231, subdivision (c) of Section 232,

16  subdivision (c) of Section 232.5, Sections 233, 234, 245-249, 351, 353, and 403,

17  subdivision (b) of Section 404, Sections 432.2, 432.5, 432.7, 435, 450, 511, 513, 551,

18  552, 601, 602, 603, 604, 750, 751.8, 800, 850, 851, 851.5, 852, 921, 922, 923, 970,

19  973, 976, 1021, 1021.5, 1025, 1026, 1101, 1102, 1102.5, 1153, 1197.5, 1198 via the

20  applicable Wage Order, subdivision (b) of Section 1198.3, Sections 1199.5, 1290,

21  1292, 1293, 1293.1, 1294, 1294.1, 1294.5, 1296, 1297, 1298, 1301, 1308, 1308.1,

22  1308.7, 1309, 1309.5, 1391, 1391.1, 1391.2, 1392, 1683, and 1695, subdivision (a) of

23  Section 1695.5, Sections 1695.55, 1695.6, 1695.7, 1695.8, 1695.9, 1696, 1696.5,

24  1696.6, 1697.1, 1700.25, 1700.26, 1700.31, 1700.32, 1700.40, 1700.47, 1735, 1777.5,

25  2651, and 2673, subdivision (a) of Section 2673.1, Sections 2695.2, 2800, 2801,

26  2806, and 2810, subdivision (b) of Section 2929, and Sections 3073.6, 6310, 6311,

27  and 6399.7.

28      146.   Labor Code § 558 establishes a civil penalty as follows: Any employer

Thomas D. Rutledge
Attorney-at-Law
16956 Via de Santa Fe, Suite 1847
Rancho Santa Fe, California 92091
Telephone: (619) 886-7234

Thomas D. Rutledge
Attorney-at-Law
16955 Via de Santa Fe, Suite 1847
Rancho Santa Fe, California 92091
Telephone: (619) 886-7224

or other person acting on behalf of an employer who violates, or causes to be violated, a section of this chapter or any provision regulating hours and days of work in any order of the Industrial Welfare Commission (including the "Hours and Days of Work" section of the Wage Order) shall be subject to a civil penalty of (1) for any initial violation, fifty dollars ($50) for each underpaid employee for each pay period for which the employee  was underpaid in addition to an amount sufficient to recover underpaid wages; (2) for each subsequent violation, one hundred dollars ($100) for each underpaid employee for each pay period for which the employee was underpaid in addition to an amount sufficient to recover underpaid wages; and (3) wages recovered pursuant to this section shall be paid to the affected employee.

147.   Plaintiffs seek penalties for Defendants' conduct as alleged herein as permitted by law.

148.   Pursuant to Labor Code § 2698, *et seq.*, Plaintiffs seek to recover attorney's fees, costs, civil penalties, and wages on behalf of Plaintiff and other current and former Represented Employees as alleged herein in an amount to be shown according to proof at trial and within the jurisdictional limits of this Court.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray for judgment against Defendants as follows:

1.   That Defendants be found liable to the Plaintiffs;

2.   For all remedies available to the Plaintiffs under the applicable provisions of the Labor Code via the PAGA Labor Code § 2698, *et seq.* including an award of attorneys' fees, costs, interest, liquidated damages, damages, penalties and waiting time penalties according to proof to the extent permitted by law;

3.   For maximum civil penalties available under the Labor Code and applicable Wage Order as described more particularly in this Complaint, representative PAGA claims including the payment of wages as set forth in Labor Code § 558;

4.   That Aggrieved Employees be awarded reasonable attorneys' fees where

- 25 -
COMPLAINT-*Beltran-Campuzano, et al. v. Starbucks Corp., et al.*

available by law, including but not limited to pursuant to Labor Code §§ 2698, *et seq.*,

Code of Civil Procedure § 1021.5, and/or other applicable laws; and

     5.    For any other relief the Court may deem just, proper, and equitable.

Dated:  October 17, 2023          Law Office of Thomas D. Rutledge

                                   By: *Thomas D. Rutledge*
                                   /s/Thomas D. Rutledge, Esq.
                                   Attorneys for Plaintiffs

Thomas D. Rutledge
Attorney-at-Law
16956 Via de Santa Fe, Suite 1847
Rancho Santa Fe, California 92091
Telephone: (619) 886-7224

- 26 -
COMPLAINT-*Beltran-Campuzano, et al. v. Starbucks Corp., et al.*